**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1076
_____

ROBERT CASON,
                              Appellant

v.

RHUEL A. JOHNSTON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-04695)
District Judge: Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 3, 2021
Before:  JORDAN, MATEY, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 4, 2021)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Cason, proceeding pro se and in forma pauperis, initiated this action in the District Court by filing a document labeled "Notice of Appeal," in which he sought review of an adverse state-court judgment. The District Court liberally construed the filing, which reads like an appellate brief, as a complaint; screened the complaint pursuant to 28 U.S.C. §1915(e)(2)(B); and dismissed it for lack of jurisdiction pursuant to the Rooker-Feldman doctrine.[1] Cason timely appealed. We will affirm.[2]

In his brief and supplemental briefs on appeal, Cason does not challenge the District Court's reliance on Rooker-Feldman to dismiss the case. In fact, he does not appear to challenge the dismissal at all, but instead repeats and embellishes his arguments for why the state-court judgment should be reversed, ostensibly treating this appeal as a direct appeal of the state-court proceedings. Because Cason does not set forth any specific argument as to how *the District Court* erred, he has effectively forfeited any challenge to the District Court's ruling. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief); see also Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) ("[W]e have consistently refused

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the dismissal of the complaint is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); cf. Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising plenary review over district court's invocation of the Rooker-Feldman doctrine).

2

to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."). Although we construe Cason's pro se filings liberally, this policy does not prevent us from applying this doctrine to his appeal.[3] See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam).

For the foregoing reasons, we will affirm the judgment of the District Court.[4]

---

[3] In any event, the Rooker-Feldman doctrine deprives a district court of jurisdiction to review, in some circumstances, state-court adjudications. See Turner, 449 F.3d at 547. It is a narrow doctrine, "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). As the District Court explained, Cason's complaint falls squarely in the category of cases barred by Rooker-Feldman from review in federal court. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010) (stating that the Rooker-Feldman doctrine deprives lower federal courts of jurisdiction over suits that are essentially appeals from state-court judgments).

[4] Cason has filed in this Court a motion, captioned as though it were filed in the District Court, for leave to file a memorandum of law in support of his motion for default judgment. To the extent he asks us to rule on the motion for leave, we deny it as he does not appear to have a motion for default judgment pending in this case, either here or in the District Court.